**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | CRIMINAL ACTION |
| | : | No. 16-0035-1 |
| v. | : | |
| | : | |
| FELIX ANGEL-HUERTA. | : | |
| | : | |

**October 27, 2016** **Anita B. Brody, J.**

**MEMORANDUM**

Currently pending is the Government's recommendation of a two-level enhancement to the sentence of Felix Angel-Huerta, pursuant to U.S.S.G. § 3C1.1, for obstruction of justice. I find that the Government has failed to meet its burden of proof and therefore I deny its request to apply the enhancement.

## I. Background

Angel-Huerta is a native and citizen of Mexico. He speaks minimal English. On August 12, 2005, Angel-Huerta was arrested in California for a domestic violence incident in which he hit his then-wife with a closed fist. He subsequently pled guilty and was sentenced to 20 days' imprisonment and three years' probation. Less than a year later, Angel-Huerta was arrested again for domestic violence for threatening his then-wife with a screwdriver. He again pled guilty and was sentenced to 16-months' incarceration at the California Correctional Institution in Tehachapi, California. On January 23, 2007, Angel-Huerta was deported via an expedited process for aliens convicted of aggravated felonies, pursuant to 8 U.S.C. § 1228(b). Angel-Huerta returned to the United States sometime afterward, and on January 7, 2016, he was arrested in Pennsylvania. A grand jury returned a one-count indictment charging Angel-Huerta

with reentry after deportation in violation of 8 U.S.C. §§ 1326(a) and (b)(2).

Prior to trial, Angel-Huerta filed a motion to dismiss the indictment on the grounds that his initial deportation order lacked requisite procedural protections. ECF No. 33. Aliens who commit certain aggravated felonies are deportable under an expedited removal procedure. 8 U.S.C. § 1228(b). *See also Bamba v. Riley*, 366 F.3d 195, 196 (3d Cir. 2004). Federal law does provide certain procedural protections to aliens subject to expedited removal. 8 C.F.R. § 1238.1. Before initiating deportation, ICE must issue a Notice of Intent to Issue a Final Administrative Removal Order ("Notice of Intent"). This Notice of Intent must advise deportable aliens of several rights, among them: (1) the right to representation; (2) the right to request withholding of removal to a particular country if he fears persecution; (3) the right to inspect evidence and rebut charges; (4) the right to designate a country of removal; and (5) the right to seek free legal services. 8 C.F.R. § 1238.1(b). An immigration officer must provide written translation of the Notice of Intent or explain its contents in a language the alien understands. 8 C.F.R. § 1238.1(b)(2)(v).

As the movant, Angel-Huerta had the burden to prove that the manner of his deportation violated due process. *United States v. Charleswell*, 456 F.3d 347, 361 (3d Cir. 2006). Angel-Huerta was required to show that the entry of his deportation order was "fundamentally unfair." *Id*. at 351; *see also* 8 U.S.C. § 1326(d). To demonstrate fundamental unfairness, Angel-Huerta needed to show "a reasonable likelihood that the result would have been different," namely, that he would not have been deported, "if the error in the deportation proceeding had not occurred." *Id*. at 361.

Angel-Huerta challenged his deportation proceeding in several ways. He alleged that he was never advised of his imminent deportation or of his right to counsel and a hearing to

challenge his deportation. Mot. to Dismiss the Indictment at 5, ECF No. 33. He also alleged that he was never provided any paperwork in Spanish, and therefore he did not knowingly waive his right to challenge his deportation.[1] *Id*. at 6.

On June 13, 2016, the court held a pretrial hearing and Angel-Huerta testified under oath to the above allegations. Tr. of Evidentiary Hr'g 26-31, June 13, 2016 ("6/13/16 Tr."). He testified that upon his release from prison in Tehachapi, rather than being processed at an immigration facility in Bakersfield, CA, as alleged by the Government, he was flown immediately to San Diego and then bused to Mexico. 6/13/16 Tr. 30:1-24. He also testified that he never met with anyone from ICE. 6/13/16 Tr. 26:11-28:10.

To rebut Angel-Huerta's testimony, the Government presented the Notice of Intent issued to Angel-Huerta and the testimony of an ICE Immigration Enforcement Agent ("SK"), then stationed in Bakersfield, CA. *See* Ex. B to Mot. to Dismiss the Indictment, ECF No. 33. SK, a native Spanish speaker, testified as to her routine practice in removal proceedings. She admitted she did not specifically recall processing Angel-Huerta. 6/13/16 Tr. 40:17-18. The Notice of Intent, however, signed by both SK and Angel-Huerta on January 22, 2007, attests that Angel-Huerta did voluntarily waive his rights to challenge his deportation and that his rights were

---

[1] This Circuit has not delineated which protections of 8 C.F.R. § 1238.1, if denied, would constitute fundamental unfairness. However, this Circuit has found that denial of a meaningful opportunity for judicial review, or denial of a right to counsel, could rise to the level of fundamental unfairness. *United States v. Charleswell*, 456 F.3d 347, 360 (3d Cir. 2006); *see also United States v. Mendoza-Lopez*, 481 U.S. 828, 839 (1987). In an similar context, this Circuit has ruled that failing to inform a deportable alien of the availability of free legal services, in violation of 8 C.F.R. § 1240.10(a)(2)-(3), was fundamentally unfair even if prejudice has not been shown. *Leslie v. Attorney Gen. of U.S.*, 611 F.3d 171, 183 (3d Cir. 2010) ("It is imperative [to] comply scrupulously with [] regulations, promulgated to ensure the fundamental fairness of the process by which aliens are removed."). The regulation promulgated under 8 C.F.R. § 1238.1(b)(2)(v), which requires aliens like Angel-Huerta to be informed of free legal services, is the functional equivalent of 8 C.F.R. § 1240.10(a)(2), which this Circuit found implicated due process. In moving to dismiss the indictment, Angel-Huerta asserted that because he was not notified of his rights in Spanish, his waiver in the Notice of Intent deprived him of an opportunity for counsel and for judicial review. He asserted that this rendered his removal procedure fundamentally unfair.

explained to him in Spanish. On June 14, 2016, I found that Angel-Huerta failed to meet his burden and therefore I denied the Motion to Dismiss the Indictment. ECF No. 36. A trial was held and on June 16, 2016, Angel-Huerta was convicted by a jury.

Based on Angel-Huerta's testimony at the June 13, 2016 pretrial hearing, the Government now seeks a two-level enhancement to his sentence for Obstruction or Impeding the Administration of Justice, pursuant to U.S.S.G. § 3C1.1.

**II. Discussion**

I find that the Government has not met its burden to show Angel-Huerta acted willfully to obstruct justice. To apply an enhancement under U.S.S.G. § 3C1.1 based upon a defendant's sworn testimony, the Government must prove all the elements of perjury: "falsity, materiality, and willfulness." *United States v. Boggi*, 74 F.3d 470, 479 (3d Cir. 1996). "If a defendant objects to a sentence enhancement resulting from her . . . testimony, a district court must review the evidence and make independent findings necessary to establish a willful impediment to or obstruction of justice." *United States v. Dunnigan,* 507 U.S. 87, 95 (1993). Here, the Government "bears the burden of proving by a preponderance of the evidence that the defendant *willfully* obstructed or impeded, or *willfully* attempted to obstruct or impede, the administration of justice." *United States v. Belletiere,* 971 F.2d 961, 965 (3d Cir. 1992)(emphasis in original). The word willful "denotes an act which is intentional" and committed with "a bad purpose." *Screws v. United States,* 325 U.S. 91, 101 (1945)(citations omitted).

The Commentary to the Sentencing Guidelines Manual unambiguously warns against the use of false testimony by a defendant for purposes of an obstruction enhancement. It advises that "the court should be cognizant that inaccurate testimony or statements sometimes may result from confusion, mistake, or faulty memory and, thus, not all inaccurate testimony or statements

necessarily reflect a willful attempt to obstruct justice." U.S.S.G. § 3C1.1, comment (n.2); *see also Dunnigan*, 507 U.S at 95. As defense counsel argued at the October 25, 2016 hearing, being released from prison is an emotionally charged event, especially when one expects to return to a former residence and is instead deported. Angel-Huerta's testimony on June 16 could have been the result of "faulty memory" or "confusion" stemming from a highly stressful moment that occurred nearly ten years ago. Although SK's testimony as to her routine practice was sufficient when the Government did not have the burden, that evidence is not sufficient to carry the burden here.

While the burden to prove the deficiency of his deportation proceeding rested with Angel-Huerta when he sought to dismiss the indictment, the burden of proof now firmly rests with the Government. Although I ruled against Angel-Huerta at the pretrial hearing, and his testimony was undoubtedly material, the Government fails to show that he intentionally sought to impede the administration of justice or that he acted with a "bad purpose." *Screws*, 325 U.S. at 101. The Government has not proven willfulness, a required element for a U.S.S.G. § 3C1.1 enhancement based upon a defendant's sworn testimony. *Boggi*, 74 F.3d at 479. The Notice of Intent and the testimony of SK were adequate to contravene Angel-Huerta's testimony and to defeat a Motion to Dismiss the Indictment when the burden lay with the defense. But at the sentencing stage, the burden is with the Government and it has failed to meet it. Therefore, the two-level enhancement under U.S.S.G. § 3C1.1 does not apply to this case.

s/Anita B. Brody

______________________________

ANITA B. BRODY, J

Copies **VIA ECF** on _________ to: Copies **MAILED** on _______ to: